UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRADLY ALLEN MCHORSE, | Case No. 15-CV-3989 (JNE/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES and EMILY JOHNSON PIPER, Commissioner, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2].

Plaintiff Bradly Allen McHorse is being civilly detained by the Minnesota Department of Human Services at the St. Peter Regional Treatment Center. McHorse alleges that this detention is unlawful, and he initiated this action by filing a complaint seeking monetary damages and injunctive relief due to that allegedly unlawful detention. McHorse also alleged that Minnesota officials failed to protect him from physical attacks during his detention, and he sought both monetary damages and injunctive relief on account of that alleged failure to protect as well.

In an order dated November 18, 2015, this Court noted that McHorse's complaint was deficient in two respects. *See* Docket No. 4. First, McHorse's claims seeking relief on account of the illegality of his detention would be squarely barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Until McHorse successfully challenges the legality of his civil commitment,

he cannot bring claims arising solely from the putative illegality of that confinement. Second, McHorse sought monetary relief from state employees in their official capacities and from state agencies, both of which are largely insulated from suits for money damages on account of sovereign immunity. This Court noted that only McHorse's claim for prospective injunctive relief against defendant Lucinda Jesson in her official capacity would survive screening under 28 U.S.C. § 1915(e)(2)(B); the remainder of McHorse's complaint would be recommended for dismissal. Because this Court would have been substantially paring McHorse's pleading, though, McHorse was invited to submit an amended complaint attempting to cure the deficiencies in his original complaint.

McHorse has now submitted his amended complaint.[1] *See* Docket No. 9. In that amended complaint (now brought against the Minnesota Department of Human Services and its commissioner Emily Johnson Piper), McHorse raises claims *only* regarding the legality of his civil detention, alleging (in essence) that two doctors have informed the State of Minnesota that he is no longer mentally ill and that his continuing detention is unnecessary. But as explained in the Court's previous order (and as McHorse has been told in other litigation that he has brought in this District), *Heck* precludes claims challenging the validity of ongoing detention from being raised in a civil complaint. *See McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). Until his civil

---

[1] McHorse has in fact submitted three amended complaints. *See* Docket Nos. 7-9. These amended complaints appear to be substantively identical, differing only in minor formatting changes and the presence or absence of a signature. This Court regards the most recent amended complaint filed by McHorse [ECF No. 9] as the operative pleading in this matter.

commitment is deemed unlawful — for example, in habeas corpus proceedings pursuant to 28 U.S.C. § 2254, or in equivalent state-court proceedings — McHorse may not raise claims that necessarily imply the invalidity of his detention. Accordingly, this Court now recommends that this action be dismissed without prejudice. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (dismissal of *Heck*-barred claim modified to be without prejudice so that plaintiff can refile his claims if he satisfies *Heck* requirement).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Bradly Allen McHorse's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated: January 22, 2016                          s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and

Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.